**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 13 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALEJANDRO OROS-FRANCO,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 11-71266<br><br>Agency No. A029-457-665<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 4, 2015[**]
Pasadena California

Before: FERNANDEZ, PARKER[***], and NGUYEN, Circuit Judges.

Alejandro Oros-Franco, a native and citizen of Mexico, petitions for review

of the Department of Homeland Security's April 5, 2011, reinstatement of his 1989

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Barrington D. Parker, Jr., Senior Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

deportation order. This Court has jurisdiction over the petition under the Immigration and Nationality Act as amended. 8 U.S.C. §1252. Although we review legal questions *de novo*, our review of a reinstatement order is otherwise "limited to confirming the agency's compliance with the reinstatement regulations." *Garcia de Rincon v. DHS*, 539 F.3d 1133, 1136-37 (9th Cir. 2008).

Oros-Franco contends that the reinstatement order was not properly executed. Oros-Franco's argument that the order was not properly executed is without merit. He provides no evidence that would overcome the presumption of regularity applied to the official acts of public officers. *See United States v. Navarro-Vargas*, 408 F.3d 1184, 1207 (9th Cir. 2009); *see also Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 496 (9th Cir. 2007) (en banc) ("Morales points to no material errors in his file; nor does he explain what evidence he would have presented, had he been given the opportunity to do so.")

He next seeks to challenge his underlying 1989 deportation order. This challenge fails because it relies on a misreading of then-existing immigration law and because Oros-Franco has not shown that his original hearing before the immigration judge perpetrated a "gross miscarriage of justice." *See Garcia de Rincon*, 539 F.3d at 1138.

Finally, Oros-Franco contends that because the U.S. Attorney declined to prosecute him for illegal re-entry, his deportation order cannot be reinstated under this Court's ruling in *Villa-Anguiano v. Holder*. 727 F.3d 873 (9th Cir. 2013). His reliance on *Villa-Anguiano* is misplaced. In that case, the agency appeared to be unaware of a court decision dismissing the illegal re-entry case against the petitioner on the merits. 727 F.3d at 879-80. In this case, the U.S. Attorney's Office exercised its discretion not to prosecute Oros-Franco, and the agency was aware of this decision.

**PETITION FOR REVIEW DENIED.**